# Ex. A

## Case Information

25-CIV-05440 | Roblox Corporation vs. Arch Specialty Insurance Company

Case Number
25-CIV-05440
File Date
07/21/2025

Court
Civil Unlimited
Case Type
(06) Unlimited Breach of Contract/Warranty

Judicial Officer
Healy, Nicole S.
Case Status
Active

## Party

Plaintiff
Roblox Corporation

Active Attorneys
Lead Attorney
OPGENORTH, RYAN H.
Retained

DOES
DOES 1 - 10, INCLUSIVE

Defendant
Arch Specialty Insurance Company

## Cause of Action

| File Date | Cause of Action | Type | Filed By | Filed Against |
|---|---|---|---|---|

| 07/21/2025 | Complaint | Action | Roblox Corporation | Arch Specialty Insurance Company<br>DOES 1 - 10, INCLUSIVE |
|---|---|---|---|---|

## Events and Hearings

07/21/2025 New Filed Case

07/21/2025 Complaint

Complaint

07/21/2025 Civil Case Cover Sheet

Civil Case Cover Sheet

07/21/2025 Summons Issued / Filed

Summons Issued / Filed

07/21/2025 Notice of Assignment for All Purposes

Notice of Assignment for All Purposes

07/21/2025 eServe

Served
07/21/2025

07/21/2025 Cause Of Action

| Action | File Date |
|---|---|
| Complaint | 07/21/2025 |

07/30/2025 Proof of Service by PERSONAL SERVICE of

Proof of Service by PERSONAL SERVICE of Complaint; Civil Case Cover Sheet; Summons; ALTERNATIVE DISP

Comment
Complaint; Civil Case Cover Sheet; Summons; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE; CASE MANAGEMENT STATEMENT; NOTICE OF ASSIGNMENT FOR ALL PURPOSES (CIVIL) AND NOTICE OF CASE MANAGEMENT CONFERENCE

08/01/2025 Amended Proof of Service by PERSONAL SERVICE of

Amended Proof of Service by PERSONAL SERVICE of COMPLAINT; CIVIL CASE COVER SHEET; SUMMONS; ETC...

Comment
COMPLAINT; CIVIL CASE COVER SHEET; SUMMONS; ETC...

12/17/2025 Case Management Conference

Judicial Officer
Elliott, Timothy E.

Hearing Time
9:00 AM

## Financial

Roblox Corporation

| | |
|---|---|
| Total Financial Assessment | $435.00 |
| Total Payments and Credits | $435.00 |

| | | | | |
|---|---|---|---|---|
| 7/21/2025 | Transaction Assessment | | | $435.00 |
| 7/21/2025 | eFile Online Payment | Receipt # 2025-028548-HOJ | Roblox Corporation | ($435.00) |

## Documents

Complaint
Civil Case Cover Sheet
Summons Issued / Filed
Notice of Assignment for All Purposes
Proof of Service by PERSONAL SERVICE of Complaint; Civil Case Cover Sheet; Summons; ALTERNATIVE DISP
Amended Proof of Service by PERSONAL SERVICE of COMPLAINT; CIVIL CASE COVER SHEET; SUMMONS; ETC...

Electronically
FILED
by Superior Court of California, County of San Mateo
ON 7/21/2025
By /s/ Anthony Berini
Deputy Clerk

Terrence J. Coleman (State Bar No. 172183)
Ryan H. Opgenorth (State Bar No. 252273)
William A. Foster (State Bar No. 319746)
PILLSBURY & COLEMAN, LLP
100 Green Street
San Francisco, California 94111
Telephone: (415) 433-8000
Facsimile: (415) 433-4816
Email: tcoleman@pillsburycoleman.com
ropgenorth@pillsburycoleman.com
bfoster@pillsburycoleman.com

*Attorneys for Plaintiff Roblox Corporation*

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| ROBLOX CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ARCH SPECIALTY INSURANCE COMPANY; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 25-CIV-05440<br><br>**COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; AND (3) DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges on information and belief as follows:

1. This is an insurance bad faith action arising from Defendant Arch Specialty Insurance Company's ("Arch") refusal to fully and timely pay the business interruption claim made by Plaintiff Roblox Corporation ("Roblox").

2. Plaintiff is a Nevada corporation with its principal place of business in San Mateo County, California.

3. Defendant is an insurance company authorized to transact business in the State of California, including the sale and issuance of insurance coverage to California insureds.

4. Venue is proper in this Court because a substantial part of the events, acts, omissions, and/or transactions complained of herein occurred in and/or originated from San Mateo County, California. Furthermore, the insurance contract at issue was made and performed in San Mateo County, California.

5. Plaintiff is ignorant of the true names and capacities of the Defendants named herein as Does 1 through 10, inclusive, and therefore sues these Defendants by said fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when they have been ascertained.

6. At all material times, each Defendant was acting as individuals or as agents and employees of the remaining Defendants and in doing the things hereinafter alleged was acting either individually or within the course and scope of said agency and with the permission and consent of its principal. The acts and conduct alleged herein of each Defendant were known to, authorized by, and/or ratified by the other Defendants.

## BACKGROUND ALLEGATIONS

7. Roblox provides an online social gaming platform that enables users to create and disseminate videogames for other users to play. Roblox does not create the vast majority of games on its platform. Instead, Roblox provides tools for users to create the games on its platform and potentially monetize from them. In this way, Roblox could be analogized to a recording studio. Roblox provides the forum and equipment, but does not produce the content. The content, here videogames, is created by Roblox's users known as creators. Creators on Roblox are incentivized through the Developer Exchange ("DevEx") program, which allows qualified creators to cash out

earnings from their content on Roblox.  Roblox's creator community has created a wide range of diverse experiences on the platform, ranging from obstacle courses to sports events to concert experiences, which are essential to Roblox's business.  Every day, tens of millions of users across dozens of countries log on to Roblox to play games, enjoy entertainment, and connect with their friends.

8.      Roblox generates revenue by selling a virtual currency called Robux.  Roblox users purchase Robux to spend on virtual items or in experiences.  Nearly all of Roblox's revenue is generated through the sale of Robux on its platform.

9.      On October 28, 2021, at 1:37 p.m. (PDT), Roblox began experiencing issues with the performance of its online platform.  When Roblox first discovered these issues, the platform was slow, but users could still access it, albeit with significant lag time.  However, Roblox users soon became completely unable to purchase Robux or access the platform.  It took three-days to restore full functionality to the platform, which was up and running on October 31, 2021, at 4:45 p.m. (PDT).  During this period of interruption, which occurred during a peak holiday weekend, when many Roblox users make Halloween related purchases on the platform, Roblox lost millions in revenue due to the inability of its users to purchase and spend Robux.

10.     Roblox purchased expensive insurance policies to protect itself in the event its platform experienced this type of interruption.

11.     Roblox was insured under primary and excess insurance policies that provided insurance coverage for Cyber Incidents.  The primary policy was issued to Roblox by ACE American Insurance Company ("ACE"), Policy No. D95960960, and provides a $5,000,000 coverage limit.  The first excess policy was issued to Roblox by North American Capacity Insurance Company ("North American"), Filing Policy No. C-4LPE-041679-CEPMM-2021, and provides a $5,000,000 coverage limit excess of $5,000,000.  The second excess policy was issued to Roblox by Defendant Arch, Policy No. NPL0066337-00, and provides a $5,000,000 coverage limit excess of $10,000,000.  The third excess policy was issued by Zurich American Insurance Company ("Zurich"), Policy No. SPR 9580866-00, and provides a $5,000,000 coverage limit excess of $15,000,000.  In total, the policies provided $20,000,000 in coverage to Roblox for Cyber Incidents.

12. A visual representation of the coverage available to Roblox is set forth below:

| | |
|---|---|
| 20M | **Zurich American Insurance Company**<br>Third Level Excess Policy<br>$5,000,000 Limit |
| 15M | **Arch Specialty Insurance Company**<br>Second Level Excess Policy<br>$5,000,000 Limit |
| 10M | **North American Capacity Insurance Company**<br>First Level Excess Policy<br>$5,000,000 Limit |
| 5M | **ACE American Insurance Company**<br>Primary Policy<br>$5,000,000 Limit |

13. Each primary and excess policy was in effect for the period of March 12, 2021 to March 12, 2022, during which time the system interruption occurred.

14. The insuring agreement of ACE's primary policy provides coverage for Business Interruption and Extra Expenses. The policy provides, in relevant part, that ACE will pay "the **Business Interruption Loss** and **Extra Expenses** incurred by an **Insured** during the **Period of Restoration** resulting directly from a **Cyber Incident** which first occurs during the **Policy Period**, plus after the expiration of the **Observation Period**, any resulting **Customer Attrition Expenses** and **Customer Attrition Loss** incurred by the **Insured** during the **Period of Attrition**[.]"

15. "**Business Interruption Loss**" is defined by the policy to mean "1. The **insured's** continuing normal operating and payroll expenses; and 2. The difference between the amount of the **insured's** net profit actually earned before income taxes and the amount of the **Insured's** net profit that would have been earned before income taxes had no **Interruption in Service** of the **Insured's Computer System** occurred."

16. "**Extra Expenses**" is defined by the policy to include, "with the **Insurer's** prior

consent, costs incurred by an **Insured** to retain the services of a third-party forensic accounting firm to determine the amount of **Business Interruption Loss** or **Contingent Business Interruption Loss**."

17.     The policy requires that the **Business Interruption Loss** be "determined taking full account and due consideration of such proof of loss and the trends or circumstances which affect the profitability of the business and would have affected the profitability of the business had the **Business Interruption Loss** … not occurred, including all material changes in market conditions or adjustment expenses which would affect the net profit generated."

18.     The excess policies each follow the same terms and conditions of the primary policy. The insuring agreement of Arch's excess policy states that: "This Policy provides excess coverage after exhaustion of the **Underlying Limit**.  Except as otherwise provided in this Policy, coverage under this Policy shall follow form to, and apply in conformance with, the provisions of the **Primary Policy** as of the inception of this Policy."  Thus, Arch's policy not only "follows form" to provide coverage under the same terms and conditions as ACE's primary policy, but Arch's policy must also "apply" in the same way that ACE applies its primary policy.

19.     After full functionality was restored to its platform on October 31, 2021, Roblox, through its insurance broker, made a claim to its insurance carriers including Defendant Arch for the losses it suffered during the period of interruption.

20.     ACE, Roblox's primary carrier, recommended that Charles River Associates ("CRA") assist with quantifying the amount of Roblox's business interruption loss.  CRA is regularly retained by insurance companies, including ACE and Arch, to calculate business interruption losses.  CRA is also listed as a pre-approved panel vendor for both ACE and Arch.

21.     Pursuant to the carrier's recommendation, CRA was retained to calculate Roblox's business interruption losses.  No carrier objected to CRA's retention.

22.     On July 14, 2022, CRA issued a report which concluded that Roblox's business interruption loss was $15,562,848.  The report was immediately provided to the carriers.

23.     Following receipt of the CRA's report, ACE determined that the loss was a covered Cyber Incident under its primary policy and accepted CRA's findings to pay Roblox its full

$5,000,0000 limit.  North American similarly determined that the loss was a covered Cyber Incident under its first excess layer policy and paid Roblox its full $5,000,000 limit.

24.    Arch, however, refused to pay its policy limit in accordance with CRA's analysis.  Arch agreed that the loss experienced by Roblox was a covered Cyber Incident under its excess policy.  But instead of applying the policy in the same manner as ACE, who recommended and accepted CRA's findings, Arch rejected those findings and sought to undermine Roblox's losses by retaining a second forensic accounting firm Matson, Driscoll & Damico ("MDD") to quantify the loss.  MDD, under the direction of Arch, recalculated Roblox's business interruption loss at $10,540,593.

25.    On January 19, 2024, after significant delay, Arch agreed to pay Roblox only $540,593, instead of the full $5,000,000 limit that was owed under its excess policy.

26.    Arch had no reasonable basis for refusing to pay its full $5,000,000 policy limits.  The loss analysis performed by MDD was obviously flawed, and Arch's purported reliance on the MDD analysis to underpay Plaintiff's claim was wrongful.  First, MDD deliberately undervalued the amount of Roblox's loss by manipulating the growth rates used to calculate the losses during the period of interruption.  Whereas CRA used a 3-month-pre-loss trend to calculate the losses, MDD used a combined 2-month pre-loss trend and 2-month post-loss lost trend.  This is not a reasonable or standard practice for calculating losses.  Sales often decrease in the wake of a widespread outage.  It makes no sense to use post-outage sales rates to calculate what sales would have been had no outage occurred as required by the plain terms of the policy.  Second, MDD improperly treated developer "DevEx" expenses as a noncontinuing expense at Arch's direction.  This is not allowed under the policy.  These developer expenses are continuing normal operating expenses, and Arch is required by the plain language of the policy to consider and pay for these expenses.  MDD's exclusion of these expenses from its analysis is improper.  Third, Arch was bound to apply the policy in the same manner as its primary carrier ACE, who recommended and adopted CRA's analysis.  Arch's decision to reject that analysis is a violation of its policy.  Arch knew that proceeding with MDD's analysis was improper and wrongful, but adopted it nonetheless, in order to undermine a known legitimate claim.

27.    Following Arch's denial of benefits, Roblox, through counsel, wrote to Arch demanding payment of full benefits including Extra Expenses that were wrongfully withheld.  Arch, however,

refused to conduct any additional investigation, reconsider its position, or make payment of the additional benefits that it owed.

28. Roblox also demanded that Arch participate in mediation pursuant to the Alternative Dispute Resolution provision of the policy. The mediation was held on May 21, 2025. The matter did not resolve, and the mediation was deemed concluded that same day. Plaintiff brought this action sixty (60) days after the conclusion of that mediation session in conformity with the Alternative Dispute Resolution provision of the policy.

29. As a result of the actions of Defendants, and each of them, Roblox has thus been denied policy benefits to which it is entitled.

30. As a result of the actions of Defendants, and each of them, Roblox has been forced to engage the services of legal counsel for the purpose of obtaining its insurance benefits and has suffered other consequential loss.

31. At all material times herein Defendants, and each of them, have engaged in conduct that was oppressive, fraudulent, and malicious within the meaning of Civil Code §3294, and are liable for exemplary damages in an amount to be shown at trial.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(Against Defendant Arch and Does 1-10)**

32. Plaintiff refers to all preceding paragraphs and incorporates them as if set forth in full in this cause of action.

33. At all material times herein, Defendant Arch issued an excess insurance policy to Plaintiff providing coverage for Cyber Incidents as aforesaid.

34. Plaintiff has complied with all material conditions required under the terms of the policy.

35. On or about October 28, 2021 to October 31, 2021, Plaintiff suffered a Cyber Incident that resulted in a covered loss under the policy. Plaintiff is entitled to payment of the full policy benefits owed under the policy as aforesaid. Defendants are estopped from asserting and have waived all contractual provisions, if any, purporting to limit their obligation to pay full benefits.

36. At all material times herein, Defendants have failed and refused to honor their policy of insurance with Plaintiff, and Defendants are liable for breach of contract. Defendants have failed and refused to pay sums due and payable under the terms of the policy.

37. As a legal and proximate result of Defendants' actions, Plaintiff has been damaged as set forth in paragraphs 29 through 30 above.

**SECOND CAUSE OF ACTION**

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

**(Against Defendant Arch and Does 1-10)**

38. Plaintiff refers to all preceding paragraphs and incorporates them as if set forth in full in this cause of action.

39. At all material times herein, Defendants owed Plaintiff a duty of good faith and fair dealing with respect to the payment of Plaintiff's benefits and covenanted that they would do nothing to impair Plaintiff's right to receive the benefits of the insurance policy.

40. At all material times herein, Defendants violated their covenant of good faith and fair dealing by, *inter alia*, the following:

A. Consciously and unreasonably failing to investigate or evaluate Plaintiff's claim fairly and in good faith, but, on the other hand, utilizing the information available to it in a manner calculated to provide it with a wrongful, but plausible sounding justification to deny benefits;

B. Consciously and unreasonably setting out to create a plausible sounding basis upon which to deny Plaintiff's claim and seeking to obtain information calculated to permit it to claim that it had a plausible sounding basis upon which to deny Plaintiff's benefits;

C. Consciously and unreasonably failing to thoroughly and fairly investigate all information reasonably available to it;

D. Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claim for benefits and consciously and unreasonably failing to investigate all bases to support coverage;

E. Consciously and unreasonably delaying, refusing, and continuing to refuse to pay Plaintiff's benefits properly payable under the policy and depriving Plaintiff of its rightful benefits

with the knowledge that said delays and denials were and are wrongful and contrary to their obligations under their policy and the law;

F. Consciously and unreasonably failing to investigate Plaintiff's claim fairly and in good faith and refusing to give Plaintiff's interests at least as much consideration as they gave to their own interests;

G. Consciously and unreasonably failing to adopt and implement reasonable or proper standards applicable to the prompt and fair investigation and processing of Plaintiff's claim under the policy;

H. Consciously and unreasonably refusing to pay Plaintiff's claim with the knowledge that Plaintiff's claim is payable under the policy and with the intent of saving them money at Plaintiff's expense;

I. Consciously and unreasonably adopting a position and interpretation of the policy which it knew to be improper and was at odds with the express language of its own policy for the purpose of denying Plaintiff's benefits; and

J. Consciously and unreasonably interpreting information available to it in such a way as would justify the reduction of benefits even though Defendants knew that such interpretation was contrary to the policy and was wrongful.

41. Defendants unreasonably prolonged the investigation of the claim and unreasonably withheld the full amount of benefits due under the Policy. Defendants have a pattern and practice of engaging in the same type of wrongful conduct that they engaged in with respect to Plaintiff's claim in an improper attempt to boost their own profits.

42. As a legal and proximate result of Defendants' actions, Plaintiff has been damaged as set forth in paragraphs 29 and 30 above. Further, Plaintiff seeks punitive damages from the Defendants, and each of them, as set forth in paragraph 31 above.

/ / /

/ / /

/ / /

/ / /

**THIRD CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(Against Defendant Arch and Does 1-10)**

43.     Plaintiff refers to all preceding paragraphs and incorporates them as if set forth in full in this cause of action.

44.     Arch has refused to make available to Plaintiff the full $5,000,000 limit of its policy for covered Business Interruption and Extra Expense losses.  Plaintiff has duly complied with all the material terms and conditions of the policy and is entitled to payment of the policy limits.

45.     An actual controversy of a justiciable nature exists between Plaintiff on the one hand and Arch on the other over Plaintiff's and Arch's rights, duties, and obligations arising out of terms, conditions, exclusions, and limitations of the Arch policy regarding coverage for losses sustained by Plaintiff in excess of the applicable underlying insurance.  Plaintiff claims that it is entitled to payment of the full $5,000,000 limits of Arch's policy.  Arch has taken the position that it is not required to apply the policy in the same fashion as its primary carrier ACE and thus is only required to pay $540,593 of its policy limits.  Arch has also taken the position that none of the Extra Expense losses are payable under any policy.  Plaintiff disagrees with Arch's coverage position as it is contrary to the plain language of the policy and California law.

46.     Plaintiff desires and is entitled to a judicial declaration of the rights, duties, and obligations of Arch under its policy and a judgment that Arch is obligated to pay Plaintiff for all covered losses under the Arch policy up to its $5,000,000 policy limits.

WHEREFORE, Plaintiff prays as follows:

1.  For damages according to proof;

2.  For general damages according to proof;

3.  For exemplary damages according to proof;

4.  For attorneys' fees and costs of suit incurred herein; and

5.  For such other and further relief as the Court may find appropriate.

Dated: July 21, 2025

PILLSBURY & COLEMAN, LLP

By: ______________________________

Terrence J. Coleman
Ryan H. Opgenorth
William A. Foster

Attorneys for Plaintiff,
ROBLOX CORPORATION

-11-

COMPLAINT; DEMAND FOR JURY TRIAL Case No.:

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Ryan H. Opgenorth, SBN: 252273; Terrence J. Coleman, SBN: 172183
Pillsbury & Coleman, LLP, 100 Green Street, San Francisco, CA 94111

TELEPHONE NO.: 415-433-8000 FAX NO.: 415-433-4816
EMAIL ADDRESS: ropgenorth@pillsburycoleman.com; tcoleman@pillsburycoleman.com
ATTORNEY FOR *(Name):* Plaintiff, Roblox Corporation

*FOR COURT USE ONLY*
Electronically
FILED
by Superior Court of California, County of San Mateo
ON 7/21/2025
By /s/ Anthony Berini
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Hall of Justice

CASE NAME:
Roblox Corporation v. Arch Specialty Insurance Company; and Does 1-10, inclusive

## CIVIL CASE COVER SHEET

[x] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 25-CIV-05440
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [x] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 1) Breach of Contract, 2) Breach of Covenant of Good Faith & Fair Dealing, 3) Declaratory Relief
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 21, 2025
Ryan H. Opgenorth
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically
FILED
by Superior Court of California, County of San Mateo
ON 7/21/2025
By /s/ Anthony Berini
Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Arch Specialty Insurance Company; and Does 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Roblox Corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Mateo County Superior Court
Hall of Justice, 400 County Center, Redwood City, CA 94063

CASE NUMBER:
*(Número del Caso):* 25-CIV-05440

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ryan H. Opgenorth, Terrence J. Coleman, Pillsbury & Coleman, LLP, 100 Green Street, San Francisco, CA, (415) 433-8000

DATE: 7/21/2025 *(Fecha)* Chad L. Peace Clerk, by *(Secretario)* /s/ Anthony Berini, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN MATEO

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*:

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1st Floor, Room A
Redwood City, CA 94063
(650) 261-5100
www.sanmateo.courts.ca.gov

FOR COURT USE ONLY

**FILED**
SAN MATEO COUNTY
7/21/2025
**Clerk of the Superior Court**
/s/ Anthony Berini
DEPUTY CLERK

PETITIONER/PLAINTIFF: **ROBLOX CORPORATION**

RESPONDENT/DEFENDANT: **ARCH SPECIALTY INSURANCE COMPANY**

**NOTICE OF ASSIGNMENT FOR ALL PURPOSES (CIVIL) AND NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER: **25-CIV-05440**

By order of the Presiding Judge pursuant to San Mateo County Superior Court Local Rule 3.200(a) the above entitled matter is assigned for all purposes to: **Judge Nicole S. Healy** in **Department 28**.

**An Initial Case Management Conference is set before the Case Management Judicial Officer (and not with the assigned Judge), as follows:**
**DATE: 12/17/2025**
**TIME: 9:00 AM**
**LOCATION: 800 North Humboldt Street, San Mateo, CA 94401**

REMOTE APPEARANCES ARE STRONGLY ENCOURAGED. Please visit our website for information on remote appearances and use the Case Management Judicial Officer's Credentials:
https://www.sanmateo.courts.ca.gov/divisions/civil/civil-department-judges/civil-commissioner

ZOOM HEARING CREDENTIALS – CASE MANAGEMENT JUDICIAL OFFICER

Direct Zoom Link to Courtroom H can be found on the Case Management Judicial Officer's Webpage above.

**Dial in:**
Phone Number: +1 (669) 254-5252
Meeting ID: 161 510 6013
Password: 987732

CASE MANAGEMENT CONFERENCE INFORMATION

You are hereby given notice of your Initial Case Management Conference. The date, time and department are noted above.

1. In accordance with applicable California Rules of the Court and Local Rules, you are hereby ordered to:
   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 3.110(b); Local Rule 3.804).
   b) Serve a copy of this Notice, blank form of the Case Management Statement and ADR Information Package on all named parties in this action (Local Rule 3.804(a)). Documents are available online under the CIVIL CMC Packet section at: www.sanmateo.courts.ca.gov/civil
   c) File and serve a completed Case Management Statement at least 15 days before the Case Management Conference (CRC 3.725; Local Rule 3.805(c)). Failure to do so may result in monetary sanctions or the continuance of the CMC.

d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference (Local Rule 3.805(b)).

2. Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a *Stipulation and Order to ADR* (Local Form ADR-CV-1). File and serve the completed *Stipulation and Order to* ADR form at least 12 days prior to the Case Management Conference (Local Rule 3.805(f)). You may find this form and information regarding the Civil ADR Program online at www.sanmateo.courts.ca.gov/adr/civil/

For additional information, you may visit the Judicial officer's webpage at: www.sanmateo.courts.ca.gov/civiljudges

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial Officer's webpage at: www.sanmateo.courts.ca.gov/civiljudges.

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
|---|---|---|
| Nicole S. Healy | 650-261-5128 | Dept28@sanmateocourt.org |

For additional information, you may visit the Judicial officer's webpage at: www.sanmateo.courts.ca.gov/civiljudges

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this court, or, if a physical mailing address is present below, by placing the document(s) in an envelope for collection and mailing, following the Court's ordinary business practices for collecting and processing correspondence for mailing. On the same day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Date: 7/21/2025

Chad L Peace, Court Executive Officer/Clerk

By: /s/ Anthony Berini

Anthony Berini, Deputy Clerk

**Copies served to:**

RYAN H. OPGENORTH
ROPGENORTH@PILLSBURYCOLEMAN.COM

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):* **US Legal Support** **16825 Northchase Drive Suite 800** **Houston, TX 77060** TELEPHONE NO.: FAX NO. *(Optional)*: E-MAIL ADDRESS *(Optional)*: ATTORNEY FOR *(Name)*: **ROBLOX CORPORATION** | *FOR COURT USE ONLY* Electronically FILED by Superior Court of California, County of San Mateo ON 7/30/2025 By /s/ Kenneth Wong Deputy Clerk |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO** STREET ADDRESS: **400 County Center** MAILING ADDRESS: **400 County Center** CITY AND ZIP CODE: **Redwood City 94063** BRANCH NAME: **Southern Branch: Hall of Justice and Records** | |
| PLAINTIFF/PETITIONER: **ROBLOX CORPORATION** | CASE NUMBER: **25-CIV-05440** |
| DEFENDANT/RESPONDENT: **ARCH SPECIALTY INSURANCE COMPANY** | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: **6932886-001** |

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of *(specify documents):*
**Complaint; Civil Case Cover Sheet; Summons; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE; CASE MANAGEMENT STATEMENT; NOTICE OF ASSIGNMENT FOR ALL PURPOSES (CIVIL) AND NOTICE OF CASE MANAGEMENT CONFERENCE**

3. a. Party served *(specify name of party as shown on documents served):*
**General Counsel Arch Speciality Insurance Company**

b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a ):*
**Joseph Hormik**

4. Address where the party was served:
**210 Hudson St , Ste 300, Jersey City, NJ 07311**

5. I served the party *(check proper box)*

a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **07/25/2025** at *(time):* **10:56 AM**

b. [ ] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

(1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

(2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

(3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

(4) [ ] I thereafter caused to be mailed (by first class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). Documents were mailed on *(date):* from *(city):* **or** [ ] a declaration of mailing is attached.

(5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 3**

Form Adopted for Mandatory Use Judicial Council of California POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure. § 417.10

Tracking #: **0179944451**

REF: **6932886-001**

| PLAINTIFF/PETITIONER: ROBLOX CORPORATION | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ARCH SPECIALTY INSURANCE COMPANY | 25-CIV-05440 |

c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify)* **General Counsel Arch Speciality Insurance Company**

under the following Code of Civil Procedure section:

☒ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7. **Person who served papers**

a. Name: **Dennis Mincin**
b. Address: **71 Bell Street, Belleville, NJ 07109-2732**
c. Telephone number: **973-908-1195**
d. The fee for service was:
e. I am:

(1) ☒ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☐ registered California process server:
(i) ☐ owner ☐ employee ☐ independent contractor. For:

(ii) ☐ Registration No.: Registration #:

(iii) ☐ County: County:

BY FAX

REF: **6932886-001**

Tracking #: **0179944451**

8. [X] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. [ ] **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date: 07/30/2025

**Dennis Mincin**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):*
**Terrence J. Coleman (SBN 172183); Ryan H. Opgenorth (SBN 252273); William A. Foster (SBN 319746)**
**Pillsbury & Coleman, LLP**
**100 Green Street**
**San Francisco, CA 94111**
TELEPHONE NO.: **415-433-8000** FAX NO. *(Optional)*: **415-433-4816**
E-MAIL ADDRESS *(Optional)*: **tcoleman@pillsburycoleman.com; ropgenorth@pillsburycoleman.com; bfoster@pillsburycoleman.com**
ATTORNEY FOR *(Name)*: **ROBLOX CORPORATION**

*FOR COURT USE ONLY*

Electronically
FILED
by Superior Court of California, County of San Mateo
ON 8/1/2025
By /s/ Haley Correa
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
STREET ADDRESS: **400 County Center**
MAILING ADDRESS: **400 County Center**
CITY AND ZIP CODE: **Redwood City 94063**
BRANCH NAME: **Southern Branch: Hall of Justice and Records**

PLAINTIFF/PETITIONER: **ROBLOX CORPORATION**

DEFENDANT/RESPONDENT: **ARCH SPECIALTY INSURANCE COMPANY**

CASE NUMBER: **25-CIV-05440**

Ref. No. or File No.: **6932886-001**

# AMENDED **PROOF OF SERVICE OF SUMMONS**

BY FAX

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of *(specify documents):*
**Complaint; Civil Case Cover Sheet; Summons; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE; CASE MANAGEMENT STATEMENT; NOTICE OF ASSIGNMENT FOR ALL PURPOSES (CIVIL) AND NOTICE OF CASE MANAGEMENT CONFERENCE**

3. a. Party served *(specify name of party as shown on documents served):*
**Arch Specialty Insurance Company**

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a ):*
**Joseph Hormik**

4. Address where the party was served:
**210 Hudson St , Ste 300, Jersey City, NJ 07311**

5. I served the party *(check proper box)*

   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **07/25/2025** at *(time):* **10:56 AM**

   b. [ ] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter caused to be mailed (by first class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). Documents were mailed on *(date):* from *(city):* **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 3**
Form Adopted for Mandatory Use Judicial Council of California POS-010 [Rev. January 1, 2007]
AMENDED **PROOF OF SERVICE OF SUMMONS**
Code of Civil Procedure. § 417.10
Tracking #: **0180177899**
REF: **6932886-001**

| PLAINTIFF/PETITIONER: ROBLOX CORPORATION | CASE NUMBER: 25-CIV-05440 |
|---|---|
| DEFENDANT/RESPONDENT: ARCH SPECIALTY INSURANCE COMPANY | |

c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify)* **Arch Specialty Insurance Company**

under the following Code of Civil Procedure section:

☒ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7. **Person who served papers**

a. Name: **Dennis Mincin**
b. Address: **71 Bell Street, Belleville, NJ 07109-2732**
c. Telephone number: **973-908-1195**
d. The fee for service was:
e. I am:

(1) ☒ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☐ registered California process server:
(i) ☐ owner ☐ employee ☐ independent contractor. For:

(ii) ☐ Registration No.: Registration #:

(iii) ☐ County: County:

**BY FAX**



8. [X] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. [ ] **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date: 07/31/2025

**Dennis Mincin**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

Page 3 of 3

REF: **6932886-001**

AMENDED **PROOF OF SERVICE OF SUMMONS**

Tracking #: **0180177899**

